UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-CV-60251-SINGHAL/VALLE

MATTHEW ORSO, as successor trustee to
Kenneth D. Bell as court-ordered receiver
for Rex Venture Group, LLC,
d/b/a ZeekRewards.com,

    Plaintiff,

v.

LOUIS A. ALEXIS,

    Defendant/Judgment Debtor
_____

## **REPORT AND RECOMMENDATION TO DISTRICT JUDGE**

THIS MATTER is before the Court upon Defendant/Judgment Debtor's Claim of Exemption and Request for a Hearing (ECF No. 17) (the "Motion"). United States District Judge Raag Singhal has referred this matter to the undersigned for appropriate disposition. (ECF No. 18). Having reviewed the Motion, and being otherwise duly advised in the matter, the undersigned recommends that the Motion be **DENIED AS MOOT** for the reasons discussed below.

## **I.    BACKGROUND**

On August 14, 2017, the United States District Court for the Western District of North Carolina entered judgment against certain "Net Winner Class Members." *See generally* (ECF No. 1). Relevant to the instant Motion, Final Judgment against Defendant Louis A. Alexis ("Defendant/Judgment Debtor") was entered in the amount of $8,191.53 ($6,099.65 in "net winnings" from the ZeekRewards scheme and $2,091.88 in prejudgment interest). *Id*. at 4. On February 1, 2021, Plaintiff Nationwide Judgment Recovery Inc. (as assignee of Plaintiff Matthew

Orso) registered the foreign judgment with this Court. (ECF No. 13 at 1). Post-judgment interest continues to accrue on the final judgment at the rate specified in 28 U.S.C. § 1961. (ECF No. 1 at 4).

On January 28, 2022, the Court issued writs of garnishment on Bank of America ("BOA") and PNC Bank for certain monies or property belonging to the Defendant/Judgment Debtor in the banks' possession or control. *See* (ECF Nos. 9, 10, 11). Thereafter, BOA and PNC filed their Answers to the writs, indicating that they: (i) were not indebted to Defendant/Judgment Debtor; (ii) did not know of any other person indebted to Defendant/Judgment Debtor or any other person who may have property of the Defendant/Judgment Debtor; and (iii) were not in possession of any tangible or intangible property belonging to Defendant/Judgment Debtor. *See generally* (ECF Nos. 12, 15). On February 14, 2022, Defendant/Judgment Debtor filed the instant Motion, to which Plaintiff has not responded. (ECF No. 17).

## II.    LEGAL STANDARD

Collection of money judgments in federal court is governed by state law. *See* Fed. R. Civ. P. 69(1)(1). In Florida, the relevant standard for claiming an exemption as to the collection of money judgments is set forth in Fla. Stat § 77.041(3), which provides:

> Upon the filing by a defendant of a sworn claim of exemption and request for hearing, a hearing will be held as soon as practicable to determine the validity of the claimed exemptions. If the plaintiff or plaintiff's attorney does not file a sworn written statement that answers the defendant's claim of exemption within . . . 14 business days if the claim and requests were served by mail, no hearing is required and *the clerk must automatically dissolve the writ* and notify the parties of the dissolution by mail.

Fla. Stat. § 77.041(3). "Florida law requires garnishment statutes . . . to be strictly construed." *Allen v. Robert F. DeLuca, M.D., P.A.*, 9:18-CV-81265, 2020 WL 1832323, at *2 (S.D. Fla. Mar.

25, 2020), *report and recommendation adopted*, 18-81265-CIV, 2020 WL 1828510 (S.D. Fla. Apr. 13, 2020) (citation omitted).

Thus, if a plaintiff or plaintiff's attorney does not file a sworn written statement that answers the Defendant/Judgment Debtor's claim of exemption, the Clerk must automatically dissolve the writ and notify the parties of the dissolution by mail. *See Allan*, 2020 WL 1832323, at *2.

### III.     ANALYSIS

Here, Defendant/Judgment Debtor's Motion was filed timely on February 14, 2022, and complies with the requirements of Fla. Stat. § 77.041. Specifically, the Motion: (i) uses the form provided in the statute; (ii) is notarized; (iii) was timely filed within 20 days after the Defendant/Judgment Debtor received notice of the Writ; and (iv) was served to Plaintiff via CM/ECF (which is akin to service by mail). *See* Fla. Stat. §77.041(1); *see also Suretec Ins. Co., Pl., v. Nat'l Concrete Structures, Inc., et. al.*, No. 12-CV-60051, 2014 WL 12469952, at *2 (S.D. Fla. July 10, 2014) (noting that CM/ECF service is equivalent to service by U.S. mail). Pursuant to § 77.041(3), Plaintiff or Plaintiff's attorney had 14 days to object to the Motion, but no objection has been filed to date. Thus, Plaintiff failed to comply with §77.041(3) and the Clerk of Court "must automatically dissolve the writ[s] and notify the parties of the dissolution by mail." § 77.041(3); *Holloway v. City of Orlando*, No. 15-CV-129-ORL-40GJK, 2017 WL 4773356, at *1-2 (M.D. Fla. Oct. 4, 2017).

### IV.     RECOMMENDATION

Accordingly, the undersigned **RECOMMENDS** that the District Judge enter an Order directing the Clerk of Court to dissolve the Writs of Garnishment (ECF No. 11) on BOA and PNC

and that Defendant/Judgment Debtor's Motion be **DENIED AS MOOT** in light of the dissolution.

Within **seven (7) days** after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this District. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). Failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1 (2021); *see Thomas v. Arn*, 474 U.S. 140 (1985).

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, this 24th day of June, 2022.

_____
ALICIA O. VALLE
UNITED STAGES MAGISTRATE JUDGE

cc: U.S. District Judge Raag Singhal
    All Counsel of Record